OPINION *Page 2 
{¶ 1} Defendant-Appellant Kevin J. Recker ("Recker") appeals from the April 11, 2007 Judgment Entry of Re-Sentence of the Court of Common Pleas of Putnam County, Ohio sentencing him to 20 years in prison for his convictions on 19 felony counts and one misdemeanor count.
 {¶ 2} On May 10, 2005 the Putnam County Grand Jury indicted Recker on thirty charges, most of which were various theft offenses or complicity to theft offenses. The offenses included felonies of the first, third, fourth, and fifth degrees. On June 28, 2005 the grand jury indicted Recker on 15 additional charges. As with the prior indictment, most of the offenses were theft offenses or complicity to theft offenses. The indictment charged felonies of the second, fourth, and fifth degrees.
 {¶ 3} A jury trial was held from August 1-5, 2005. On August 5 the jury found Recker guilty on 25 counts. On September 15, 2005 Recker was sentenced. During the sentencing hearing, the trial court vacated five counts as allied offenses of similar import. The trial court ordered Recker to serve ten years in prison on the charge of Engaging in a Pattern of Corrupt Activity, a felony of the first degree, consecutive to five years on the charge of Complicity to Burglary, a felony of the third degree, consecutive to eight years on another charge of Complicity to Burglary, a felony of the second degree, with an aggregate sentence of 23 years in prison. The court ordered the sentences for the remaining 17 counts to be served concurrently with the 23-year sentence. *Page 3 
 {¶ 4} Recker filed a direct appeal of his sentence alleging that he was sentenced under statutes which were unconstitutional, thus mandating reversal of his sentence and remanding this matter for re-sentencing. On January 22, 2007 this court vacated the sentence of the trial court and remanded the matter for further proceedings consistent with State v.Foster, 109 Ohio St.3d 1, 845 N.E. 2d 470, 2006-Ohio-856. See State v.Recker, 3rd Dist. Nos. 12-05-21, 12-05-22, 2007-Ohio-216.
 {¶ 5} On April 11, 2007 the trial court conducted Recker's re-sentencing hearing pursuant to R.C. 2929.19. The court sentenced Recker to an aggregate prison term of 20 years, with ten years in prison on the charge of Engaging in a Pattern of Corrupt Activity, a felony of the first degree, consecutive to five years on the charge of Complicity to Burglary, a felony of the third degree, consecutive to five years on another charge of Complicity to Burglary, also a felony of the third degree with credit for 701 days previously served.
 {¶ 6} Recker now appeals, asserting two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT IS NOT COMMENSURATE WITH THE SERIOUSNESS OF RECKER'S CONDUCT, THAT IS NOT CONSISTENT WITH SENTENCES IMPOSED ON SIMILAR CRIMES AND OFFENDERS, AND THAT IMPOSES UNNECESSARY BURDEN ON STATE RESOURCES. R.C. 2953.08 (JUDGMENT ENTRY OF RESENTENCE, APR. 12, 2007) *Page 4 
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY IMPOSING MAXIMUM AND CONSECUTIVE TERMS OF IMPRISONMENT. (JUDGMENT ENTRY OF RE-SENTENCE, APR. 12, 2007)
 {¶ 7} In his two assignments of error, Recker argues that the trial court erred in sentencing him to non-minimum prison term and terms of incarceration which exceeded the statutory maximums at the time of the offense which violates his Due Process rights and violates the Ex Post Facto Clause of the United States Constitution. For ease of discussion, we shall address Recker's two assignments of error together.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856 at ¶ 97, 103. Regarding new sentences and resentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856
at ¶ 100. *Page 5 
 {¶ 9} As this court is required to follow precedent as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to re-sentence Recker to an aggregate prison term of twenty years for his 19 felony convictions and one misdemeanor conviction.
 {¶ 10} Pursuant to R.C. 2929.14(A),
 . . . [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following: * * *
 (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
 (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
 (5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
 {¶ 11} Accordingly, the trial court could have sentenced Recker to a much more stringent prison term than he received. Recker was convicted of one felony of the first degree, two felonies of the third degree, three felonies of the fourth degree, and 13 felonies of the fifth degree. If Recker actually received the maximum sentence it would *Page 6 
have been 37.5 years on the felony counts alone. In this case, the trial court sentenced Recker to prison terms within the statutory range set forth above.
 {¶ 12} Additionally, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Recker's argument that his sentence violates the Due Process Clauses.
 {¶ 13} Recker was convicted on August 5, 2005 and was sentenced to his prison term of 23 years on September 15, 2005. He then filed a notice of appeal with this court in which we sustained Recker's assignment of error with respect to sentencing and reversed the September 15, 2005 judgment of the trial court and remanded the matter to the trial court for re-sentencing consistent with the Supreme Court of Ohio's February 27, 2006 decision in Foster, supra. See State v. Recker, supra.
 {¶ 14} On April 11, 2007 Recker was re-sentenced to a prison term of twenty years. We note, as to this case, that the offenses occurred subsequent to the United States Supreme Court's holding in Apprendi v.New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports this court's conclusion in McGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for Recker's felonies has remained unchanged, so Recker had notice of the potential sentence for his offenses.
 {¶ 15} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006 the *Page 7 
United States Supreme Court denied the Petition for Writ of Certiorari.Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314.
 {¶ 16} Based on the foregoing, Recker's assignments of error are overruled and the April 11, 2007 Judgment Entry of the Putnam County Court of Common Pleas, sentencing Recker to twenty years in prison for his 19 felony convictions and one misdemeanor conviction is affirmed.
 ROGERS, P.J. and WILLAMOWSKI, J., concur. *Page 1